IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| LE LATONYA ASHTON, | ) | |
| | ) | Case No. _____ |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| PJ LOUISIANA, INC., | ) | |
| | ) | |
| Respondent. | ) | |

### PETITION TO CONFIRM ARBITRATION AWARDS

Petitioner Le Latonya Ashton ("Ms. Ashton"), by and through her undersigned counsel, respectfully submits this Petition to Confirm Arbitration Awards. Ms. Ashton seeks to confirm arbitration awards dated November 28, 2018 (titled "Ruling and Opinion on Claimant's Consolidated Motion for Partial Summary Judgment"), March 26, 2019 (titled "Interim Award)" and July 3, 2019 (titled "Final Award" along with accompanying "Reasons for Final Award") (collectively "the Arbitration Awards"). The Arbitration Awards were issued pursuant to a contractual arbitration ("the Arbitration") between Ms. Ashton and Respondent PJ Louisiana, Inc. ("PJ Louisiana") pursuant to the parties' Agreement and Receipt for Dispute Resolution Program (Ex. 1) and PJ Louisiana's Dispute Resolution Program (Ex. 2).

### PARTIES

1. Ms. Ashton was employed by PJ Louisiana from about September 2105 through December 2017 as a pizza delivery driver at its Papa John's restaurant located at 6205 Westport Avenue in Shreveport, Louisiana.

1

2. PJ Louisiana is a Louisiana corporation doing business as "Papa John's Pizza," which has conducted a pizza delivery and carry-out business within this District and Division during all times relevant.

## JURISDICTION AND VENUE

3. This Petition is submitted pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, which grants federal district courts the power to confirm and enforce arbitration awards.

4. This Court has subject-matter jurisdiction and venue over this action pursuant to Section 9 of the FAA, 9 U.S.C. § 9, which in relevant part provides that "such application may be made to the United States court in and for the district within which such award was made," because the Arbitration was held in this District and the Arbitration Awards were issued in this District.

5. This Court has personal jurisdiction over PJ Louisiana pursuant to Section 9 of the FAA, 9 U.S.C. § 9, which provides that "[n]otice of the application [to confirm the arbitration award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."

6. This Court also has personal jurisdiction over PJ Louisiana by virtue of the facts that PJ Louisiana conducts ongoing business within this District and Division, specifically by operating Papa John's franchise stores within this District and Division.

## FACTUAL BACKGROUND

7. In or around September 2015, the parties executed the Agreement, which bound them to arbitrate specified types of disputes between them.

8. Pursuant to the Agreement, on November 9, 2017, Ms. Ashton filed a Statement of Claim and Demand to Arbitrate with the American Arbitration Association ("AAA").

9. Therein, Ms. Ashton alleged that PJ Louisiana denied her the minimum wage guaranteed under Section 6 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, by failing to reimburse her vehicle costs incurred in performing her job as a pizza delivery driver for PJ Louisiana (nominal wages – unreimbursed vehicle costs = subminimum net wages).

10. The parties mutually selected Denise Pilie to arbitrate their dispute.

11. On October 8, 2018, Ms. Ashton moved for summary judgment on a variety of issues.

12. After full opportunity for summary judgment briefing and submission of evidence, on November 28, 2018 Arbitrator Denise Pilie issued her Ruling and Opinion on Claimant's Consolidated Motion for Partial Summary Judgment, in which she granted summary judgment in Ms. Ashton's favor on all of issues before her, except one. Ex. 3.

13. On December 18, 2018, Arbitrator Pilie held a final arbitration hearing on the merits in Shreveport, Louisiana. At the hearing, both sides were provided full opportunity to present testimony and evidence. Moreover, both sides were represented by counsel, who had opportunity to examine witnesses, introduce documentary evidence, object to the admission of evidence, and cross-examine any adverse hearing witnesses.

14. The parties each submitted lengthy and detailed post-hearing briefs.

15. After full opportunity for post-hearing briefing, Arbitrator Pilie issued her award on the merits on March 26, 2019. Ex. 4. Based on her consideration of the documents, testimony and briefing, Arbitrator Pilie in essence granted Ms. Ashton all relief that she sought.

16. The parties then each submitted lengthy and detailed fee and cost briefing. Arbitrator Pilie issued her Final Award on July 3, 2019, awarding Ms. Ashton nearly all of the fees she sought and all of the costs she sought. Ex. 5.

17. In sum, Arbitrator Pilie awarded Ms. Ashton $6,947.05 in actual damages, $6,947.05 in liquidated damages, $117,585.50 in attorney's fees, and $4,279.81 in costs.[1] Exs. 4 & 5. Arbitrator Pilie further ordered PJ Louisiana to pay AAA fees totaling $2,950.00 and Ms. Pilie's own fees totaling $40,164.72. Ex. 5.

## REQUEST FOR CONFIRMATION OF THE ARBITRATION AWARDS

18. The Arbitration Awards were made in accordance with the parties' agreement and are proper in all respects.

19. There are no grounds to vacate, modify or correct the Arbitration Awards as none of the exclusive grounds for *vacatur*, modification or correction listed in Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10 & 11, apply.

20. This petition is timely because it is filed within one year after the issuance of the Arbitrator Pilie's Final Award. *See* 9 U.S.C. § 9.

21. In light of the above, the Arbitration Awards should be confirmed pursuant to Section 9 of the FAA, 9 U.S.C. § 9.

## PRAYER FOR RELIEF

Ms. Ashton prays that the Court:

a. Issue an order confirming the Arbitration Awards, as authorized by Section 9 of the FAA, 9 U.S.C. § 9;

b. Enter a judgment that confirms the Arbitration Awards, holding PJ Louisiana is liable to Ms. Ashton for $6,947.05 of actual damages, for $6,947.05 of liquidated damages, for attorney's fees of $117,585.50, and for costs of $4,279.81.

---

[1] Interest was also awarded, but the parties promptly agreed that interest accrued through the date of a final award is not an available remedy when liquidated damages are awarded under the FLSA.

c. Award Ms. Ashton her reasonable fees and costs incurred in pursuing this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54(d)(1).

d. Award Ms. Ashton pre-judgment and post-judgment interest since the date of Arbitrator Pilie's Final Award.

e. Retain jurisdiction over this action, and, pursuant to Fed. R. Civ. P. 69, permit any discovery that may be proper to aid in the enforcement of the judgment; and

f. Award Ms. Ashton any and all other relief that the Court deems just and proper.

Dated: July 15, 2019

Respectfully submitted,

**STEPHEN A. JEFFERSON PROFESSIONAL LAW CORP.**
*/s/ Stephen A. Jefferson*
Stephen A. Jefferson (LA Bar #07250)
300 Washington Street, Suite 322
Monroe, Louisiana 71201
Telephone: (318) 387-5600
Facsimile: (318) 812-0054
sajefferson1@hotmail.com

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(*pro hac vice* forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PETITIONER LE LATONYA ASHTON**