# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| LE LATONYA ASHTON | CIVIL ACTION NO. 19-901 |
|---|---|
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| PJ LOUISIANA, INC. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the Court is a motion to confirm an arbitration award, filed by Plaintiff Le Latonya Ashton ("Ashton"). Record Document 10. The Defendant, PJ Louisiana, Inc. ("PJ") opposes the motion. Record Document 12. Based upon a review of the record and the applicable law, the Plaintiff's motion to confirm the arbitration award is **GRANTED**.

## I. Background.

The facts in this matter are not in dispute. Between 2015 and 2017, Ashton worked as a delivery driver for PJ at one of its Shreveport, Louisiana Papa John's restaurants. In commencing her employment with PJ, Ashton accepted an arbitration agreement, which required Ashton and PJ to arbitrate specified types of disputes. Ashton later had a Fair Labor Standards Act ("FLSA") claim against PJ, which she submitted to arbitration. Ashton claimed that PJ denied her minimum wage by failing to reimburse her vehicle costs, such that her total wages were below the threshold minimum wage standard.

Denise Pilie' ("Arbitrator Pilie'") served as the arbitrator in the matter. In October 2018, Ashton moved for summary judgment on several issues. Arbitrator Pilie' granted

Ashton's motion on all issues but for one. In December of 2018, Arbitrator Pilie' held a final arbitration hearing and then issued a ruling in March of 2019. The parties agree that Ashton was the prevailing party in arbitration.[1] The parties then submitted briefing on fees and costs, and in July of 2019, Arbitrator Pilie' issued a final award granting Ashton nearly all of the fees and costs she sought. Specifically, Arbitrator Pilie' granted Ashton $6,947.05 in actual damages, $6,947.05 in liquidated damages, $117,585.50 in attorney's fees, $4,279.81 in costs, arbitration fees of $2,950.00, and the arbitrator's fee of $40,164.72.

Significantly, it has been represented to the Court that PJ has paid all of these awards in full. Nonetheless, Ashton filed suit in this Court, seeking to confirm the arbitration award pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act. PJ objects to the confirmation of the award not on any substantive basis, but rather because it has already satisfied all of its obligations, and therefore it argues the issue is essentially moot. The Court disagrees.

## II. Law and Analysis.

9 U.S.C. § 9 provides that

> if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected

---

[1] Ashton states that, in essence, Arbitrator Pilie' granted her all of the relief that she sought.

2

for a specific list of reasons set forth in other subsections of the act. 9 U.S.C. § 9. In this case, the parties' arbitration agreement specifies that the arbitration will be governed by the Federal Arbitration Act, language this Court finds is sufficient to invoke the Court's authority under Section 9 to confirm the arbitration award. In any event, PJ does not contest the Court's jurisdiction or power to confirm the arbitration award in this case.

The language of Section 9 is mandatory, instructing that courts "must" confirm an arbitration award unless the arbitration award is vacated, modified, or corrected. See 9 U.S.C. § 9. Importantly, in this particular case, PJ does not seek to vacate, modify, or correct the arbitration award entered against it. Indeed, it does not challenge the arbitration award whatsoever. It simply does not want the Court to confirm the award because it has already paid the damages owed. PJ argues that confirmation of the award is "superfluous," "unnecessary," "not warranted," "hinders judicial efficiency," and "serves Plaintiff's ulterior motives." Record Document 12, pp. 3-4. PJ has cited absolutely no legal authority to support its position, and the Court finds these are not valid reasons to prevent confirmation.

While there is zero jurisprudence to support PJ's contentions, Ashton has the law firmly on her side. The confirmation of an arbitration award converts a final arbitration into a judgment of the court. See Variable Annuity Life Ins. Co. v. Bencor, 2006 WL 1492249 (S.D. Tex. May 30, 2006). Confirmation is required unless there are grounds for vacatur, modification, or correction. As the Supreme Court has explained, there "is nothing malleable about 'must grant,' which unequivocally tells courts to grant

confirmation in all cases, except when one of the 'prescribed' exceptions applies." Hall Street Assoc. v. Mattel, 552 U.S. 576, 587 (2008).

Here, as previously noted, PJ does not contest the arbitration award. Therefore, under 9 U.S.C. § 9, Ashton's motion to confirm the arbitration award is granted with the understanding that PJ has already satisfied its obligations.

### III. Fees, Costs, and Interest.

In Plaintiff's complaint, she seeks the fees and costs incurred in filing this action, as well as pre- and post-judgment interest since the date of the arbitration award. Record Document 1. Ashton's motion to confirm the arbitration award, however, is silent as to these awards. Seizing upon that silence, PJ argues that Ashton "rightly abandoned her previous request for attorney's fees and costs . . . neither of which is available by statute." Record Document 12, p. 1. In response, Ashton contends that she has not waived any rights or remedies; that as the prevailing party, she is entitled to the recovery of costs under Federal Rule of Civil Procedure 54(d); and that as the prevailing party in an FLSA action, she is entitled to attorney's fees. Ashton, however, still remains completely silent on the issue of pre- and post-judgment interest.

Under Rule 54(d)(1), the Court agrees that as the prevailing party, Ashton is entitled to taxable court costs. Fed. R. Civ. P. 54(d)(1). The Court also agrees that Ashton is entitled to reasonable attorney's fees. The governing FLSA statute, 29 U.S.C. § 216, instructs that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,

and costs of the action." 29 U.S.C. § 216(b) (emphasis added). This language does not leave the award to the discretion of the Court, but rather is mandatory. "A successful FLSA claim carries with it the recovery of attorneys' fees." Diaz v. Robert Ruiz, Inc., 808 F.2d 427, 429 (5th Cir. 1987). Attorney's fees incurred in confirming and defending arbitration in an FLSA suit have been awarded by other district courts. See Thomas v. Right Choice Staffing Grp., 2018 WL 3020531, *5 (E.D. Mich. June 18, 2018) (court concluded, based upon the FLSA's mandated award of attorney's fees to prevailing party, that plaintiff was entitled to fees incurred in defending against defendant's motion to vacate arbitration award); Herrington v. Waterstone Mortg. Corp., 2018 WL 835146, *2 (W.D. Wis. Feb. 12, 2018) (granting attorney's fees to plaintiffs who successfully confirmed arbitration award); Thomas v. Grease Guard, LLC, 2018 WL 1137183, *1 (N.D. Ga. Jan. 5, 2018) ("[t]he Court finds it appropriate to award attorneys' fees for the costs incurred in confirming the award"); and Morrill v. G.A. Wright Mktg., Inc., 2006 WL 2038419, at *5 (D. Colo. July 18, 2006) (finding attorney's fees warranted for prevailing plaintiff regardless of whether the court action was "characterized as an appeal, enforcement, or some other collateral proceeding."). This Court finds that Ashton is legally entitled to recover her attorney's fees incurred in the confirmation of the arbitration award.

At this time, Ashton has not submitted any estimation of the costs incurred or hours reasonably expended thus far. By **March 20, 2020**, Ashton must submit to PJ's counsel a complete itemized bill. By **April 3, 2020**, PJ is ordered to respond to Ashton's

counsel with specific objections. Thereafter, Ashton is ordered to submit an appropriate request for the imposition of fees and costs.

Because Ashton has seemingly waived her prior request for interest on the arbitrator's award, and seeing as how the award has been fully satisfied, the Court declines to award any interest.

IV. Conclusion.

Based upon the foregoing reasons, Ashton's motion to confirm the arbitration award [Record Document 10] be and is hereby **GRANTED**. The arbitration award has already been fully satisfied. Ashton's request for attorney's fees and costs related to the confirmation of the arbitration award is **GRANTED**. Ashton's request for the recovery of pre- and post-judgment interest is **DENIED**.

A separate judgment consistent with this Memorandum Order will issue herewith.

**THUS DONE AND SIGNED** this 3rd day of March, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE